UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ANGEL SELLER, LLC,<br><br>                Plaintiff,<br>v.<br><br>RANDY HYNE and AMBER BARNES,<br><br>                Defendants | **Case No. 4:23-cv-00111**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Angel Seller, LLC ("Plaintiff" or "AS"), files this complaint against defendants, Randy Hyne ("Hyne") and Amber Barnes ("Barnes", and together with Hynes, the "Defendants"), pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO").

## NATURE OF ACTION

1. This case is brought pursuant to RICO to remedy the damages caused by the racketeering activity perpetrated by the defendants and directed at AS, which cost AS millions of dollars in sales due to the improper removal of its listings from the Amazon marketplace website.

2. Defendants perpetrated a scheme to falsely accuse AS of selling counterfeit Michael Kors watches via its Amazon storefront in order to stop AS from continuing to sell its legitimate watches.

3. To carry out the scheme, Defendants, through their company, Fossil Group, Inc., ("Fossil") sent emails to Amazon, falsely accusing AS of selling counterfeit watches.

4. Defendants were aware that Amazon's policy was to accept such allegations at face value, and to block the accused seller from selling the allegedly counterfeit products from its storefront until it is able to demonstrate the authenticity of the merchandise to the satisfaction of the complaining party.

5.  In response to Defendants' emails, Amazon shut down AS's storefront, costing it millions of dollars in lost sales. At no time was AS selling counterfeit watches.

## PARTIES, JURISDICTION AND VENUE

6.  Plaintiff AS is a New York Limited Liability company with its principal place of business in New York.

7.  Defendant Hyne is a citizen of Texas and of this district.

8.  Defendant Barnes is a citizen of Texas and of this district.

9.  This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. §1331 as a federal question and RICO's civil action provision, 18 U.S.C. §1964(c).

10. This Court has jurisdiction over the defendants because they reside in this district.

11. Venue is proper in this Court pursuant to 18 U.S.C. §1965(a) because the defendants reside here.

## Count I
## Violation of RICO

12. AS relies on its relationship with Amazon for much of its sales.

13. AS is in the business of lawfully acquiring and re-selling various consumer products for profit.

14. AS resells products through various channels, including through Amazon, an e-commerce platform that enables third parties to sell goods on the Amazon website.

15. Amazon is the world's largest online retailer.

16. Amazon's popularity has enabled AS to serve tens of thousands of customers through this storefront platform on Amazon.

17. No other online retailer can match the exposure Amazon provides to the world marketplace and being a seller on the site is very valuable to any retailer.

18. At all relevant times AS had a business relationship with Amazon such that AS was and is once again permitted to sell products on Amazon's e-commerce platform.

19. A significant portion of AS's business is derived from the sale of its products on Amazon through its storefront.

20. AS's Amazon storefront has amassed over 35,000 reviews and holds a near perfect customer rating.

21. Any harm to AS's relationship with Amazon creates a potential for serious and irreparable injury to AS, which is what occurred.

**A.  Defendants have engaged in a three-year pattern of wire fraud in order to damage AS and other Amazon sellers.**

22. Randy Hyne is the general counsel, vice president and secretary of Fossil, a Delaware corporation with its principal place of business in Richardson, Texas. His position with the company is in management.

23. Fossil is in the business of licensing, manufacturing and distributing consumer products, including the Michael Kors brand. Fossil sells Michael Kors products through an Amazon storefront named Watch Station WSI. Thus, it competes with AS for sales of Michael Kors products.

24. Hyne embarked on a scheme to eliminate the competition for the sales of Michael Kors watches in 2018 by submitting false accusations that rival sellers of Michael Kors watches, including AS, were selling counterfeit watches.

25. Hyne's objective was to get Amazon and other online marketplaces to shut down competing storefronts, remove them from Amazon, and thereby take their customers to Fossil.

26. It is well known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

27. As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form. Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon,* WebRetailer (Nov. 17, 2022), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon (visited January 30, 2023).

28. On information and belief, Defendants were, at all relevant times, aware of this Amazon policy with respect to reports of intellectual property infringement.

29. On information and belief, Defendants were, at all relevant times, aware that Amazon would act upon reports that a product is "counterfeit" regardless of the truth of the report.

30. Additionally, at all times, Defendants were aware that in order to submit a complaint of counterfeit selling to Amazon, the complaining party must read and accept the following statements:

> I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law.
>
> I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.

Report Infringement, https://www.amazon.com/report/infringement (visited January 30, 2023).

31. Hyne enlisted Amber Barnes, a senior brand protection specialist with Fossil, to help him carry out the scheme.

32. She agreed to do so in 2018. Her agreement included the submission of false accusations of selling infringing products against businesses via the internet to Amazon. She worked under Hyne's direction in targeting and damaging sellers of legitimate Michael Kors merchandise.

33. Accordingly, Hyne and Barnes agreed in 2018 to begin a campaign of false reports to Amazon of counterfeit selling of Michael Kors watches and other merchandise by third party sellers including AS.

34. Their goal, at all times, was to get Amazon to shut down these third-party sellers and thereby eliminate competition.

35. Beginning in February 2018 Hyne and Barnes sent complaints from their Texas office to Amazon's offices in Washington State, via email using interstate wires, against at least two sellers of Michael Kors or other Fossil brand watches, other than AS, falsely accusing them of selling counterfeit watches.

36. These complaints were successful in that Amazon removed the sellers from selling those particular products and/or removed their storefronts completely as a result of the false allegations of infringement.

37. In July 2019 Hyne and Barnes sent another complaint to Amazon, in Washington State, by email, from their offices in Texas, falsely claiming that S&B Trader, an Amazon seller offering Michael Kors watches, was selling counterfeit watches.

38. As a result, S&B Trader's Amazon account was suspended. The suspension cost it lost sales.

39. In September 2019 Hyne and Barnes sent another complaint to Amazon, in Washington State, by email, from their offices in Texas, falsely claiming that AS was selling counterfeit Michael Kors watches.

40. As a result, Amazon suspended AS's account listing of the specified items. This cost AS lost sales of that item and put "negative marks" on its account. These "negative marks" on AS reduced its ranking on Amazon. The loss of ranking on Amazon cost AS at least $1 million in lost sales.

41. Hyne and Barnes submitted four more complaints against AS to Amazon in Washington State from their offices in Texas in February and March 2020, falsely claiming AS was selling counterfeit watches.

42. These complaints concerned watch model numbers MK5076, MK5128, MK5263, MK5353 and MK5859.

43. As a result, AS's Amazon account was suspended in March 2020, preventing AS from selling anything on Amazon. This suspension cost it at least $8 million of dollars in lost sales.

44. AS was reinstated in May 2020. However, its Amazon sales have lagged below what they otherwise would have been due to the negative marks on its account caused by the complaints filed by the defendants. Thus, AS continues to suffer damages from lost sales.

45. Hyne and Barnes also submitted a false complaint to Walmart in January 2020, alleging that Seller X's (identity unknown at this time) Michael Kors watch model MK3512 was counterfeit.

46. On information and belief, this complaint was submitted online using interstate wires from Fossil's Texas offices to Walmart in Arkansas.

47. Hyne and Barnes submitted six more false complaints alleging counterfeit sales of Michael Kors watches between January 22, 2021 and May 3, 2021 to Amazon in Washington State from their offices in Texas against other sellers.

48. The watches sold were not counterfeit and the Defendants knew so at all times.

49. Thus, Hyne and Barnes have agreed to commit and did commit numerous instances of wire fraud from February 2018 to May 2021.

50. Each of these acts violated the federal wire fraud statute, 18 U.S.C. 1343, which makes it illegal to use interstate wires to "obtain[] money or property by means of false or fraudulent pretenses…"

### B.   Defendants have violated RICO

51. As detailed above Hyne and Barnes agreed to the commission of numerous acts of wire fraud perpetrated between February 2018 and May 2021.

52. This is an agreement to violate 18 U.S.C. 1962(c) which makes it illegal for "any person employed by or associated with any enterprise… to conduct or participate… in the conduct of such enterprise's affairs through a pattern of racketeering activity…"

53. Wire fraud is made a form of "racketeering activity" by 18 U.S.C. §1961(1)(B).

54. Hyne and Barnes are "persons" because they are both "capable of holding a legal or beneficial interest in property." 18 U.S.C. §1961(3).

55. Fossil Group, Inc. is a corporation and therefore a RICO enterprise. 18 U.S.C. §1961(4). It affects interstate commerce by entering into many licensing agreements with companies in many states. It also sells merchandise in many states.

56. Hyne and Barnes have conspired to commit a pattern of racketeering activity pursuant to 18 U.S.C. §1961(5).

57. Their acts of wire fraud are related in that they were committed for the same purpose, to take business from competitors selling authentic Fossil branded watches by falsely accusing them of selling counterfeit products in email correspondence to Amazon and Walmart.

58. AS has been proximately damaged by more than one of these emails.

59. Therefore, AS asserts claims against Hyne and Barnes for conspiring to violate 18 U.S.C. §1962(c), which is a violation of 18 U.S.C. §1962(d), for its damages caused by their RICO violations.

## Prayer for Relief

Wherefore, Plaintiff, Angel Seller requests entry of a judgment against the Defendants, Randy Hyne and Amber Barnes for (i) a sum equal to three times its damages caused by their conspiracy in violation of 18 U.S.C. §1962(d), but at least $9 million plus pre-judgment interest, costs; (ii) an injunction against defendants and their agents from making any further false complaints against AS with any e-commerce platform; (iii) reasonable attorney's fees; and (iv) any other relief deemed just and proper, as provided by 18 U.S.C. §1964(c).

Plaintiff also requests a jury trial.

**Remainder of the Page Intentionally Left Blank**

**Respectfully Submitted,**

**PADFIELD & STOUT, L.L.P.**
420 Throckmorton St., Suite 1210
Fort Worth, Texas 76102
(817) 338-1616 - Telephone
(817) 338-1610 - Facsimile

/s/ Brandon J. Gibbons
Mark W. Stout
TX State Bar I.D. #24008096
mstout@padfieldstout.com
Brandon J. Gibbons
TX State Bar I.D. #24082516
bgibbons@padfieldstout.com
*Local Counsel for the Plaintiff*

**FOSTER P.C.**
150 North Wacker Drive
Suite 1925
Chicago, IL 60606
Telephone: 312-726-1600
Facsimile: 866-470-5738

/s/ Howard W. Foster
Howard W. Foster (**Pending pro hac vice**)
IL State Bar I.D. # 6201218
hfoster@fosterpc.com
*Lead Counsel for Plaintiff*