# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **ANGEL SELLER, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-CV-00111-SDJ** |
| | § | |
| **RANDY HYNE and AMBER BARNES,** | § | |
| | § | |
| **Defendants.** | § | |

---

## DEFENDANTS' MOTION TO STAY DISCOVERY

---

*/s/ Alan Dabdoub*

Alan Dabdoub
State Bar No. 24056836
adabdoub@lynnllp.com
Nathaniel A. Plemons
State Bar No. 24121059
nplemons@lynnllp.com
*LYNN PINKER HURST & SCHWEGMANN, LLP*
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR DEFENDANTS**

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................................I

TABLE OF AUTHORITIES .........................................................................................................II

I.      SUMMARY OF ARGUMENT ...........................................................................................1

II.     RELEVANT FACTUAL BACKGROUND.........................................................................1

III.    ARGUMENT & AUTHORITIES .......................................................................................3

        A.      Standard Governing Motions to Stay Discovery. ................................................... 3

        B.      The Court should Stay Discovery Pending the Motion to Dismiss's
                Adjudication........................................................................................................... 4

                1.      AS seeks overbroad and irrelevant categories of documents,
                        much of which was already sought in the NY Case. ................................... 4

                2.      AS's RFPs harass and impose significant undue burdens on
                        Defendants. .................................................................................................. 8

                3.      AS's RFPs cause unnecessary expense and are part of its abusive
                        litigation tactics. ......................................................................................... 10

                4.      AS suffers neither substantial nor undue delay from the requested
                        Stay. ............................................................................................................ 13

                5.      The Motion to Dismiss demonstrates the fatal flaws in AS's
                        RICO claim. ................................................................................................ 15

IV.     CONCLUSION & PRAYER.............................................................................................16

## TABLE OF AUTHORITIES

**Cases**

*Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 244 F.R.D. 49, (D.D.C.) .............................................................. 2

*Canyon Cnty. v. Syngenta Seeds, Inc.*, No. CV 05-306-S-EJL, 2005 WL 8165145, (D. Idaho Oct. 28, 2005) (RICO claim) ................................................................. 5

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, (11th Cir. 1997) ..................................... 8, 15

*Corwin v. Marney, Orton Invs.*, 843 F.2d 194 (5th Cir. 1988) ................................................ 4

*Dowdy & Dowdy P'ship v. Arbitron Inc.*, No. 2:09-CV253, 2010 WL 3893915, (S.D. Miss. Sept. 30, 2010) .................................................................................... 8

*Ferrer v. Chevron Corp.*, 484 F.3d 776, (5th Cir.2007) .......................................................... 15

*Fossil Group, Inc. v. Angel Seller LLC*, No. 20CV2441WFKTAM, 2021 WL 8168871, (E.D.N.Y. Nov. 10, 2021) .................................................................... 1, 2, 3, 12

*Fujita v. U.S.*, 416 Fed. Appx. 400 (5th Cir. 2011) ................................................................... 3

*Griffin v. Am. Zurich Ins. Co.*, No. 3:14-CV-2470-P, 2015 WL 11019132, (N.D. Tex. Mar. 18, 2015) ..................................................................................... 3, 4, 14

*Guajardo v. Martinez*, No. 2:14-CV-450, 2015 WL 12831683 (S.D. Tex. Dec. 22, 2015) ....................................................................................... 4, 8, 11, 14

*Kaylor v. Fields*, 661 F.2d 1177, (8th Cir.1981) ..................................................................... 15

*Landis v. N. Am. Co.*, 299 U.S. 248, (1936) .............................................................................. 3

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, (5th Cir. 1990) ..................... 8

*Navajo Health Found-Sage Mem'l Hosp., Inc. v. Razaghi Dev. Co.*, LLC, No. 219CV00329GMNEJY, 2021 WL 1397229, (D. Nev. Jan. 15, 2021) .............................. 5

Navajo Health Found-Sage Mem'l Hosp., Inc. v. Razaghi Dev. Co., LLC, No. 219CV00329GMNEJY, 2021 WL 961746 ....................................................................... 5

*Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987) ........................................................................ 3

*Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 (5th Cir. 2014) ................... 14, 15

*Spencer Trask Software and Info. Services, LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y. 2002) ...................................................................................... 4

*Vanderlan v. Jackson HMA, LLC*, No. 3:15-CV-767-DPJ-FKB, 2017 WL 9360854, (S.D. Miss. Dec. 22, 2017).............................................................................................. 11

*Von Drake v. National Broad. Co.*, No. 3:04-CV-0652-R, 2004 WL 1144142, (N.D. Tex. May 20, 2004)............................................................................................... passim

**Rules**

FED. R. CIV. P. 12(b)(6) .......................................................................................... 15, 16

FED. R. CIV. P. 26(c) .................................................................................................. 3, 4

FED. R. CIV. P. 9(b) ................................................................................................... 1, 16

## I.    SUMMARY OF ARGUMENT

Good cause exists to stay discovery pending the Court's decision on Defendants' Motion to Dismiss because the motion is based on the Complaint's content only, and the motion, if granted, would dispose of Angel Seller, LLC's sole claim against Defendants. Moreover, AS filed this suit as an "end run" around the NY Case, which forbade AS from accessing highly confidential nonparty information through a "fishing expedition." *See, e.g., Fossil Group, Inc. v. Angel Seller LLC*, No. 20CV2441WFKTAM, 2021 WL 8168871, at *2 (E.D.N.Y. Nov. 10, 2021) ("Rather than establishing relevance, Defendants' arguments suggest a fishing expedition involving non-parties."). Here, AS has served Defendants and a third-party Fossil with overbroad and unduly burdensome Requests for Production similar to those it served in the NY Case. A stay is particularly warranted here because AS 1) failed to plead its RICO claim with Fed. R. Civ. P. Rule 9(b)'s required particularity; 2) failed to plausibly plead a pattern of activity, and 3) failed to plausibly plead proximate cause—any one of which provides dismissal grounds. A stay until the Court has ruled on Defendants' Motion to Dismiss would prevent a significant, unnecessary expenditure of resources by the parties. Finally, staying discovery pending the adjudication of Defendants' Motion to Dismiss will not unduly delay AS's access to discovery, as this case is in its infancy.[1]

## II.    RELEVANT FACTUAL BACKGROUND

AS has been in litigation for several years in multiple courts due to selling fake Michael Kors watches. *See* Docs. 1 (Complaint) and 10 (Notice of Related Case of proceeding in the Eastern District of New York where Fossil Group, Inc. sued AS and others for sales of counterfeit MK watches). The NY Case, which Defendants provided the Court notice of due to AS's failure

---

[1] Defendants' Motion to Dismiss is now fully briefed and ripe for decision by the Court.

to do so, *see* Doc. 9 (Motion to Dismiss) at 1–3, was the first case concerning AS's sales of bogus MK watches on Amazon. *Id.*

The parties engaged in multiple rounds of discovery in the NY case that spanned two years. *See Fossil Group, Inc. v. Angel Seller LLC*, No. 20CV02441HGTAM, 2022 WL 4131963, at * 3 (E.D.N.Y. Sept. 12, 2022). ("As the R&R stated, fact discovery, which took two years to complete, has *finally* closed after seven extensions were granted. The parties were engaged in prolonged fact discovery disputes during this period, filing over 10 discovery motions.) (internal citations omitted) (emphasis orig.). AS, late in the case, attempted to add a civil RICO claim virtually identical to the one here. *See id.* at * 5, 9; Doc. 9 at 1–3. But the NY court rejected that attempt for several reasons, including futility, undue delay, and undue prejudice. *Fossil Group, Inc*, 2022 WL 4131963, at *3. The NY court observed that a RICO claim would result in significant additional discovery expense:

> Given the breadth and nature of Defendants' proposed RICO allegations, it is hard to imagine more prejudicial counterclaims than those sought to be added here. Indeed, "[a]llowing defendant to assert a RICO counterclaim at this time would not only dramatically change the nature of the litigation but would also result in significant additional expenses to plaintiffs…Accordingly, the Court rejects Defendants' "argument that any additional discovery would not be unduly burdensome to plaintiffs."

*Id*. at 5 (quoting *Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 244 F.R.D. 49, 51 (D.D.C.)). The NY Court also rejected AS's earlier attempts to gain access to nonparty discovery as attempts to engage in a "fishing expedition." *See, e.g., Fossil Group, Inc. v. Angel Seller LLC*, 2021 WL 8168871, at *2 (noting same).

Undeterred, AS sued in this District, asserting baseless, virtually identical civil RICO allegations against two Fossil employees (including Ms. Barnes, who caught AS selling counterfeits) to try to obtain discovery foreclosed to it in the NY Case.

---

## III.   ARGUMENT & AUTHORITIES

### A.   Standard Governing Motions to Stay Discovery.

The Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. U.S.*, 416 Fed. Appx. 400, 402 (5th Cir. 2011)  (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Thus, "a district court can limit discovery and 'make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-CV-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015) (quoting FED. R. CIV. P. 26(c)). Put succinctly, "[A] [sic] trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion." *Id.* (alteration original) (quoting *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988)).

A federal district court has discretion to stay discovery "for good cause shown." *Von Drake v. National Broad. Co.*, No. 3:04-CV-0652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (citing FED. R. CIV. P. 26(c)). Factors informing the court's discretion include: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Id.*, citing *Spencer Trask Software and Info. Services, LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (citations omitted). "[A]busive litigation tactics by the [P]laintiff" also factor into the analysis, *see Griffin*, 2015 WL 11019132, at *3 (showing same), and non-movant must show that a temporary stay of discovery will not substantially or unduly delay the litigation should its claims survive summary dismissal.

*Von Drake*, 2004 WL 1144142, at *2 ("Plaintiff has not shown that a temporary stay of discovery will substantially or unduly delay the litigation should his claims survive summary dismissal."). Courts find that cases alleging civil RICO claims, particularly those derived from discovery obtained in related cases, are good candidates for Motions to Stay. *See, e.g.*, *Guajardo v. Martinez*, No. 2:14-CV-450, 2015 WL 12831683, at *2 (S.D. Tex. Dec. 22, 2015) (granting Motion to Stay Discovery pending Motion to Dismiss based on same). *See also Navajo Health Found-Sage Mem'l Hosp., Inc. v. Razaghi Dev. Co.*, LLC, No. 219CV00329GMNEJY, 2021 WL 1397229, at *6 (D. Nev. Jan. 15, 2021), report and recommendation adopted, No. 219CV00329GMNEJY, 2021 WL 961746 (D. Nev. Mar. 15, 2021) ("Here, a preliminary peek at Defendants' pending Motion to Dismiss (ECF No. 46) demonstrates a likelihood of success with respect to Defendants' argument that Plaintiff fails to plead its federal civil RICO and civil RICO conspiracy claims, as well as its Nevada civil RICO and civil RICO conspiracy claims, with particularity. The Court also finds that Defendants' Motion on this, and all other issues presented, can be decided without discovery.") *See also Canyon Cnty. v. Syngenta Seeds, Inc.*, No. CV 05-306-S-EJL, 2005 WL 8165145, at *2 (D. Idaho Oct. 28, 2005) (RICO claim) ("Thus, requiring Defendants and other non-parties to respond to apparently burdensome discovery requests would result in a substantial waste of resources. For this reason and because it does not appear that discovery would significantly illuminate the issues presented in the pending motions to dismiss, discovery will be stayed pending resolution of Defendants' motions to dismiss.").

**B.      The Court should Stay Discovery Pending the Motion to Dismiss's Adjudication.**

      1.      AS seeks overbroad and irrelevant categories of documents, much of which was already sought in the NY Case.

AS's overbroad and irrelevant RFPs impose great expense and burden prior to a resolution of Defendants' Motion to Dismiss, including the following:

**Request No. 2**: This Request demands "all communications pertaining to allegations of the counterfeit sale of Michael Kors ("MK") watches made to Amazon and/or Wal Mart against any seller of these watches in 2018–2021." **Exhibit 1**, *AS's First Requests for Production in Texas action* (APP 005, Request for Production No. 2). Such a request demands vast swathes of documents unrelated to AS's sales of fake MK watches, seeking any scrap of paper pertaining to the sale of counterfeit watches in a four-year period. What's more, this request implicates documents *already* requested in the NY case. *See, e.g.,* **Exhibit 2**, *AS's First Requests for Production in NY action* (APP 013, Requests for Production No. 1, 3, 6) and (APP 015, Requests for Production No. 14 and 15); **Exhibit 4**, *AS's Third Requests for Production in NY action* (APP 035, Request for Production No. 103) and (APP 036, Request for Production No. 105).

**Request No 3**: This Request demands "all communications between you and Amazon or Wal Mart regarding [AS] and any other seller of MK products involving the sale of counterfeit Michael Kors products between 2018–2021." **Exhibit 1**, *AS's First Requests for Production in Texas action* (APP 005, Request for Production No. 3). This Request, even broader than the one above, demands not only every item that discusses counterfeit MK watches implicating any possible seller beyond AS, it demands that Defendants turn over all communications with Amazon and Wal-Mart that have to do with counterfeit MK products generally. *Id*.

RFP 3 seeks items having nothing to do with AS's sales of counterfeit watches over a four-year period. *Id*. Moreover, it seeks counterfeit reports made to Amazon and Wal-Mart not only of MK watches, but of *any counterfeited MK products generally*. *Id*. This is a suit about AS's sale of counterfeit MK watches, *not* a suit about reports of any sellers of counterfeit MK goods. *See generally* Doc. 1 (Complaint) (demonstrating that suit largely centers on whether AS sold counterfeit MK watches). Indeed, AS already requested and received items implicated by this RFP

in the NY Case, namely those items pertaining to AS. *See, e.g.*, **Exhibit 2**, *AS's First Requests for Production in NY action* (APP 013, Request for Production No. 3) which states: "All communications between Fossil and Amazon relating to Angel Seller and/or the Anger Seller Storefront." Also see (APP 015, Request for Production No. 14) which states: "All documents and communications relating to any allegedly counterfeit MK Products purchased by Fossil from Angel Seller and/or the Angel Seller Storefront."

 **Request No. 4**: This Request demands "All communications between you and MK relating to the sale of counterfeit products." **Exhibit 1**, *AS's First Requests for Production in Texas action* (APP 005, Request for Production No. 4). This overbroad Request does not restrain itself to AS, to MK watches, or even Amazon and Wal Mart sales. Instead, it seeks any communication to MK concerning the sale of any counterfeit products. This RFP exemplifies overbreadth.

 **Request No. 9**: This Request seeks "All documents indicating how you determined ***all other sellers of MK products*** were counterfeits in cases in which you submitted a complaint against those sellers to Amazon and/or Wal Mart." (*See* APP 006, Request for Production No. 9). Again, this Request does not restrain itself to AS or to MK watches. Instead, it seeks any and all documents concerning the sale of *any* type of MK counterfeit *products* by parties *other* than AS.

 These Requests for Production, so broad as to encompass highly confidential information from nonparties, merit stay relief. This is especially true here where AS's only claim is a RICO claim for which AS served similar RFPs in the NY case. Here, AS seeks a repeat of discovery from the NY case. This is inefficient and can potentially lead to inconsistent discovery outcomes. Cases alleging civil RICO claims where the plaintiff has *already begun an investigation into the facts based on discovery from a related case* (such as here, the exchange of documents in the NY Case) are prime candidates for stays pending motions to dismiss. *See, e.g.*, *Guajardo*, 2015 WL

12831683, at *2. Like in *Guajardo* (where the Court entered a motion to stay discovery pending a motion to dismiss), AS concocted the "basis" of its baseless civil RICO case based on discovery obtained in a related case. *See id*. ("The Court infers that Plaintiffs' allegations that form the basis of their RICO claims developed from discovery in a related case in the Houston Division, which involved the same parties as the instant case. With Defendants' motion to dismiss pending, Defendants have shown good cause for staying discovery.") (internal citation omitted).

Furthermore, here, Defendants' motion is to be decided on the content of AS's Complaint. The Fifth Circuit has recognized that a stay of discovery is appropriate where a preliminary motion asking for dismissal of the case is pending because: (1) such motions are decided based on the content of the complaint only, without regard to facts obtained during discovery; and (2) the motion, if granted, would dispose of the case, thus avoiding the effect and expense of discovery. *See Dowdy & Dowdy P'ship v. Arbitron Inc.*, No. 2:09-CV253, 2010 WL 3893915, at *1 (S.D. Miss. Sept. 30, 2010) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990)). *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins.").

Finally, the discovery here is so overbroad that it covers documents from nonparties. A Sister District granted a stay of discovery pending adjudication of a motion to dismiss when the plaintiff demanded documents early in the case concerning many nonparties over the span of five years, particularly given how overbroad such requests were. *See Von Drake*, 2004 WL 1144142, at *2 ("Moreover, many of the interrogatories and document requests served on defendants are overly broad and harassing.").

Thus, AS's overbroad requests, particularly in light of the duplicative discovery that has already occurred in the NY Case, are abusive and merit a discovery stay until the Court adjudicates AS's Motion to Dismiss. *See supra* at 2 (discussing NY Case context in more detail).

2.    AS's RFPs harass and impose significant undue burdens on Defendants.

AS's RFPs impose a significant undue burden on Defendants. These RFPs require Defendants to search for and provide vast quantities of largely irrelevant documents—an exercise their employer Fossil went through in the NY Case. For example:

**Request No. 1**: This Request demands "All communications and documents pertaining to [AS] and/or Eric Sternberg." **Exhibit 1**, *AS's First Requests for Production in Texas action* (APP 005, Request for Production No. 1). But AS already requested and received such documents in response to similar requests that it propounded in the NY Case. *See, e.g.,* **Exhibit 2**, *AS's First Requests for Production in NY action* (APP 013, Requests for Production Nos. 1, 3, 5, 6) and (APP 018, Request for Production No. 32); **Exhibit 3,** *AS's Second Requests for Production in NY action* (APP 024, Requests for Production Nos. 44, 46). Forcing Defendants to go through this exercise to produce items in AS's possession from the NY Case harasses Defendants and imposes an undue burden.

**Request No. 2**: Similarly unduly burdensome is AS's request for "all communications pertaining to allegations of the counterfeit sale of Michael Kors ("MK") watches made to Amazon and/or Wal Mart <u>against any seller</u> of these watches in 2018–2021." **Exhibit 1**, *AS's First Requests for Production in Texas action* (APP 005, Request for Production No. 2). This request demands documents that have nothing to do with AS's sales of fake MK watches, seeking any scrap of paper pertaining to allegations of the sale of MK counterfeit watches in a four-year period. And this request implicates documents *already* demanded in the NY case. *See, e.g.,* **Exhibit 2**, *AS's First Requests for Production in NY action* (APP 013, Requests for Production Nos. 1, 3, 6) and (APP

015, Requests for Production Nos. 14, 15); **Exhibit 4** *AS's Third Requests for Production in NY action* (APP 035, Request for Production No. 103 and APP 036, Request for Production No. 105). Thus, this Request harasses and unduly burdens Defendants.

**Request No. 3**: This Request demands "all communications between you and Amazon or Wal Mart regarding [AS] and any other seller of MK products involving the sale of counterfeit Michael Kors products between 2018–2021." **Exhibit 1**, *AS's First Requests for Production in Texas action* (APP 005, Request for Production No. 3). The same issues that make this Request overbroad make it unduly burdensome. Again, this RFP seeks items that have nothing to do with AS's sales of MK counterfeit watches over a four-year period. *Id.* It also seeks counterfeit reports made to Amazon and Wal Mart not just of MK watches, but of any counterfeited MK products generally. *Id.* This is a suit about AS's sale of counterfeit MK watches, *not* a suit about any reports of all sellers of counterfeit MK goods. See generally Doc. 1 (Complaint) (demonstrating that suit largely centers on whether AS sold counterfeit MK watches).

Moreover, AS already requested and received items implicated by this RFP in the NY Case. See, e.g., **Exhibit 2**, *AS's First Requests for Production in NY action,* APP 013, Request for Production No. 3, which states: "All communications between Fossil and Amazon relating to Angel Seller and/or the Anger Seller Storefront.", and APP 015, Request for Production No. 14: "All documents and communications relating to any allegedly counterfeit MK Products purchased by Fossil from Angel Seller and/or the Angel Seller Storefront." This RFP harasses Defendants and imposes an undue burden by duplicating discovery from the EDNY case, causing double efforts and inefficiencies.

**Request No. 4**: The overbreadth of AS's demand for "All communications between you and MK relating to the sale of counterfeit products" is astounding. **Exhibit 1** *AS's First Requests*

*for Production in Texas action* (APP 005, Request for Production No. 4). This RFP seeks *any* communication to MK concerning the sale of any counterfeit product; it does not restrict itself to AS, to MK watches, or even sales made on Amazon and Wal-Mart. AS's demand that Defendants sort through and produce reams of irrelevant information is harassment, imposes undue burden and is simply a fishing expedition.

AS's overbroad requests, demanding large amounts of highly confidential information (including third-party information) that Defendants' employer Fossil dealt with in the NY Case, merit stay relief. *See Von Drake*, 2004 WL 1144142, at *2 ("Moreover, many of the interrogatories and document requests served on defendants are overly broad and harassing."). AS's overbroad requests also require Defendants to expend significant time and resources, causing undue burden that merits a stay until the Court adjudicates the Motion to Dismiss. *See, e.g.*, *Vanderlan v. Jackson HMA, LLC*, No. 3:15-CV-767-DPJ-FKB, 2017 WL 9360854, at *1 (S.D. Miss. Dec. 22, 2017) (staying discovery because defendant "present[ed] a convincing argument that, given the nature of the claims, the potential cost it faces in responding to discovery, particularly with regard to collection, identification, and production of documents, may be substantial. A stay until the Court has ruled on [defendant]'s motion to dismiss would potentially prevent a significant, unnecessary expenditure of resources by the parties."). Moreover, this case is like *Guajardo*, where the Court stayed discovery pending a motion to dismiss a civil RICO case because of the immense burden imposed on Defendants in such cases. *See Guajardo*, 2015 WL 12831683, at *2 ("Because Plaintiffs allege complex claims under civil RICO, Defendants' concerns about the cost and inconvenience of discovery are reasonable."). The Court should thus stay discovery pending the resolution of Defendants' Motion to Dismiss.

3.    AS's RFPs cause unnecessary expense and are part of its abusive litigation tactics.

AS's RFPs are a part of its efforts to (1) harass Fossil, through Defendants, for Fossil's trademark infringement suit against AS arising out of AS selling fake MK watches on Amazon, and (2) gain access to documents denied to AS in the NY case. AS served its discovery just hours after the Rule 26 conference. *See* **Exhibit 5**, e-mail from Plaintiff propounding Plaintiff's First Requests for Production on Defendants hours after Rule 26(f) conference (APP 039); *cf. Von Drake*, 2004 WL 1144142, at *1–2 (staying discovery pending Motion to Dismiss where plaintiff served overly broad, harassing, and unduly burdensome RFPs at start of litigation).

AS seeks to unduly burden Defendants by requesting production of (overwhelmingly irrelevant) highly confidential documents and communications concerning non-parties. *See supra* at 6-7 (discussing same in more detail). The NY court made clear in its Order denying discovery that AS's shotgun discovery approach reveals a fishing expedition motive:

> As discussed at the November 8 hearing, the allegations in this case concern specific trademark infringement claims involving seven watch models identified in the Amended Complaint. In this context, Defendants[AS, its principal Eric Sternberg, and others] have not adequately articulated how the specific, granular history of Plaintiffs' brand protection efforts, which involved test purchases from different sellers at different times over a span of years, are relevant to the claims in this case. The relevancy theories posited in Defendants' motion and their assertion that they could attempt to locate authentic Michael Kors products from these sellers are speculative at best, and do not seem likely to lead to admissible evidence relevant to the claims in this case. **Rather than establishing relevance, Defendants' arguments suggest a fishing expedition involving non-parties**.

*Fossil Group, Inc.*, 2021 WL 8168871, at *2 (internal citation omitted) (emphasis added). AS, undeterred, filed this suit as an attempt to "end-run" around the NY Case by suing in this District, not giving this Court notice of the related case under the Local Rules, then asserting baseless RICO allegations to try to obtain highly confidential nonparty information that spans several years. The following examples show the duplicative nature of AS's discovery requests:

---

| *Requests propounded in this case* | *AS's overlapping RFPs from NY case* |
|---|---|
| **Request No. 1**: All communications and documents pertaining to Angel Seller, LLC ("AS") and/or Eric Sternberg. **Exhibit 1** (AS's RFPs TX action) at APP 005. | This Request implicates requests AS already propounded in the NY Case. *See*, *e.g.*, **Exhibit 2** (AS's 1st RFPs NY action) Requests Nos. 1, 3, 5, 6 at APP 013 and Request No. 32 at APP 018;<br>**Exhibit 3** (AS's 2d RFPs NY action) Request Nos. 44, 46 at APP 024. |
| **Request No. 2**: "All communications pertaining to allegations of the counterfeit sale of Michael Kors ("MK") watches made to Amazon and/or Wal Mart against any seller of these watches in 2018-2021." **Exhibit 1** (AS's RFPs TX action) at APP 005. | This Request implicates requests AS already propounded in the NY Case. *See, e.g.*, **Exhibit 2** (AS's 1st RFPs NY action) Request Nos. 1, 3, 6 at APP 013 and Requests Nos. 14, 15 at APP 015;<br>**Exhibit 4** (AS's 3rd RFPs NY action) Request No. 103 at APP 035 and Request No. 105 at APP 036. |
| **Request No. 3**: All communications between you and Amazon or Wal Mart regarding Angel Seller ("AS") and any other seller of Michael Kors ("MK") products involving the sale of counterfeit Michael Kors products between 2018–2021. **Exhibit 1** (AS's RFPs TX action) at APP 005. | This Request implicates requests AS already propounded in the NY Case. *See, e.g.*, **Exhibit 2** (AS's 1st RFPs NY action) Request Nos. 3, 5, 6 at APP 013 and Request No. 14 at APP 015. |
| **Request No. 4**: "All communications between you and MK relating to the sale of counterfeit products." **Exhibit 1** (AS's RFPs TX action) at APP 005. | This Request implicates requests AS already propounded in the NY Case. *See, e.g.*, **Exhibit 2** (AS's 1st RFPs NY action) Request Nos. 1, 2 at APP 013 and Request No. 14 at APP 015. |
| **Request No. 5**: "All documents indicating a protocol, procedure or history reflecting how you handle allegations of counterfeit sales of MK products." **Exhibit 1** (AS's RFPs TX action) at APP 005. | This Request implicates requests AS already propounded in the NY Case. *See, e.g.*, **Exhibit 2** (AS's 1st RFPs NY action) at Request No. 1 at APP 013, Request No. 14 at APP 015, Request No. 34 at APP 018, Request No. 42 at APP 019;<br>**Exhibit 3** (AS's 2nd RFPs NY action) Request No. 44 at APP 024;<br>**Exhibit 4** (AS's 3rd RFPs NY action) Request No. 103 at APP 035. |
| **Request No. 6**: "All documents indicating the number of complaints you have made or approved of making to Amazon and Wal Mart against any online seller of MK products for selling counterfeit MK products." **Exhibit 1** (AS's RFPs TX action) at APP 005. | This Request implicates requests AS already propounded in the NY Case. *See, e.g.*, **Exhibit 2** (AS's 1st RFPs NY action) Request Nos. 1–3 at APP 013;<br>**Exhibit 4** (AS's 3rd RFPs NY action) at Request No. 105 at APP 036. |
| **Request No. 7**: "All documents indicating your qualifications to judge the authenticity of | This Request implicates requests AS already propounded in the NY Case. *See, e.g.*, **Exhibit** |

| | |
|---|---|
| watches." **Exhibit 1** (AS's RFPs TX action) at APP 005. | **2** (AS's 1st RFPs NY action) Requests 15, 16 at APP 015; **Exhibit 3** (AS's 2nd RFPs NY action) Request 44 at APP 024. |
| **Request No. 8**: "All documents indicating how you determined that AS was selling counterfeit MK products." **Exhibit 1** (AS's RFPs TX action) at APP 005. | This Request implicates requests AS already propounded in the NY Case. *See, e.g.*, **Exhibit 2** (AS's 1st RFPs NY action) Request Nos. 15–16 at APP 015; **Exhibit 3** (AS's 2nd RFPs NY action) at Request Nos. 44–99 at APP 024 – APP 032. |
| **Request No. 9**: "All documents indicating how you determined all other sellers of MK products were counterfeits in cases in which you submitted a complaint against those sellers to Amazon and/or Wal Mart." **Exhibit 1** (AS's RFPs TX action) at APP 006. | This Request implicates requests AS already propounded in the NY Case. *See, e.g.*, **Exhibit 2** (AS's 1st RFPs NY action) at Requests Nos. 2, 9 at APP 008 and Request No. 42 at APP 019; **Exhibit 4** (AS's 3rd RFPs NY action) Request No. 103 at APP 035 and Request No. 105 at APP 036. |
| **Request No. 10**: "All documents indicating the involvement or approval of any other person in the decision to submit complaint(s) against AS for selling counterfeit MK products and the submission of such complaints." **Exhibit 1** (AS's RFPs TX action) at APP 006. | This Request implicates requests AS already propounded in the NY Case. *See, e.g.*, **Exhibit 2** (AS's 1st RFPs NY action) Request 1 at APP 013, Request Nos. 14–15 at APP 015; **Exhibit 3** (AS's 2nd RFPs NY action) Request 44 at APP 024. |

AS should not be allowed to engage in such abusive litigation tactics. The Court should stay discovery until the Motion to Dismiss is adjudicated. *See, e.g., Griffin*, 2015 WL 11019132, at *3 (showing that abusive litigation tactics weigh in favor of instituting discovery stays in discussion of *Von Drake*, 2004 WL 1144142); *see also, e.g., See Guajardo*, 2015 WL 12831683, at *2 (staying discovery pending motion to dismiss in civil RICO case because plaintiffs formed basis of civil RICO claim based on discovery they obtained in a related case).

4.    AS suffers neither substantial nor undue delay from the requested stay.

AS will not suffer any substantial or undue delay if the Court grants Defendants' requested stay. This case is in its beginning stages and AS already has responsive, relevant documents from the RFPs it propounded in the NY case. Instead, a discovery stay pending the Court's resolution of Defendants' Motion to Dismiss avoids substantial expense and inefficiencies. A temporary

discovery stay also avoids the expense and inefficiencies of discovery disputes the parties will encounter due to AS's abusive, overbroad, and unduly burdensome requests in a suit AS filed as an attempted end-run around its discovery failures in the NY Case. *See generally, supra*. Should the Court institute the stay but ultimately deny the Motion to Dismiss, discovery would reopen and the parties will have ample time to engage in the discovery process. *See Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014) ("It is not uncommon to stay discovery pending a decision on a motion to dismiss, insofar as a Rule 12(b)(6) motion focuses on the adequacy of the pleadings").

Moreover, AS should not be allowed to use the discovery process during the pendency of Defendants' Motion to Dismiss to attempt to substantiate claims that lack particularity. *Shaver*, 593 F. App'x at 274 (5th Cir. 2014) (discovery stay not uncommon pending a decision on a Rule 12(b)(6) motion to dismiss that is based on the adequacy of the pleadings where plaintiff could use discovery in an attempt to "obtain enough evidence to succeed on the merits") (citing *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir.2007)); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir.1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

Although there is little prejudice to staying discovery, great costs will be incurred if discovery is allowed to proceed prior to resolution of Defendants' Motion to Dismiss. It behooves the parties and the Court to avoid time consuming and costly discovery, including discovery disputes, when the ruling on the Motion to Dismiss could render those efforts entirely unnecessary. *See Chudasama*, 123 F.3d at 1368 ("Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the

litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.").

5.    The Motion to Dismiss demonstrates the fatal flaws in AS's RICO claim.

Defendants' Motion to Dismiss presents strong grounds on which the Court should dismiss AS's claims. *See* Docs. 9 (Motion to Dismiss), 17 (Reply). AS's Complaint teems with 12(b)(6) and 9(b) deficiencies, any one of which supports dismissal, particularly when viewed through the exacting lens required at the outset in civil RICO claims. *Id. See Von Drake*, 2004 WL 1144142, at *2 (granting motion to stay discovery) ("Although the magistrate judge cannot predict the outcome of defendants' motion to dismiss, a cursory review of the motion reveals that defendants have substantial arguments for dismissal of many, if not all, of plaintiffs' claims.").

Here, Defendants have good cause to stay discovery because resolution of the Motion to Dismiss may dispose of the action, thus avoiding the expense of discovery entirely. Further, Defendants' Motion to Dismiss may be decided as a matter of law based on the content of AS's Complaint. Defendants' Motion to Dismiss challenges the legal sufficiency of AS's RICO claim that does not require any discovery before the Court rules on the purely legal questions presented. Defendants' Motion to Dismiss notes that AS (1) fails to plead its RICO claim to meet Rule 9(b)'s particularity requirements, (2) fails to plausibly plead a pattern of activity, and (3) fails to plausibly allege proximate cause. Considering AS's failure to plead a cognizable RICO claim against Defendants, as well as the significant burden Defendants will face due to the breadth of AS's RFPs, a discovery stay is warranted.

## IV.   CONCLUSION & PRAYER

Defendants thus ask that the Court grant their Motion to Stay Discovery until the Court resolves Defendants' Motion to Dismiss. Defendants also request all further relief in law or equity to which they may show themselves to be justly entitled.

Dated:  July 17, 2023

Respectfully submitted,

/s/ Alan Dabdoub
Alan Dabdoub
State Bar No. 24056836
adabdoub@lynnllp.com
Nathaniel A. Plemons
State Bar No. 24121059
nplemons@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 17, 2023 a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

/s/ Alan Dabdoub
Alan Dabdoub

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on June 2, 2023 counsel for Defendants conferred with Counsel for Plaintiff via telephone regarding this Motion under Local Rule CV-7(h)–(i), who indicated that Plaintiff opposes the relief requested herein.

/s/ Alan Dabdoub
Alan Dabdoub

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ANGEL SELLER, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-CV-00111-SDJ** |
| | § | |
| **RANDY HYNE and AMBER BARNES,** | § | |
| | § | |
| **Defendants.** | § | |

---

**APPENDIX IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY**

---

Defendants Randy Hyne and Amber Barnes ("Defendants") file this Appendix in Support

of Defendants' Motion to Stay Discovery:

| Exhibit | Description | Pages |
|---|---|---|
| 1 | Plaintiff Angel Seller LLC's First Set of Requests for the Production of Documents and Things to Defendants Randy Hyne and Amber Barnes | APP 001 – APP 006 |
| 2 | Defendant Angel Seller LLC's First Set of Requests for the Production of Documents and Things to Plaintiff Fossil Group, Inc. *(New York action)* | APP 007 – APP 021 |
| 3 | Defendant Angel Seller LLC's Second Set of Requests for the Production of Documents and Things to Plaintiff Fossil Group, Inc. *(New York action)* | APP  022 – APP 033 |
| 4 | Defendant Angel Seller LLC's Third Set of Requests for the Production of Documents and Things to Plaintiff Fossil Group, Inc. *(New York action)* | APP 034 – APP 038 |
| 5 | Plaintiff Counsel's June 2, 2023 email to Defendants' Counsel serving Plaintiff's First Set of Requests for Production | APP 039 |

Date:  July 17, 2023

Respectfully submitted,

*/s/ Alan Dabdoub*
Alan Dabdoub
State Bar No. 24056836
adabdoub@lynnllp.com
Nathaniel A. Plemons
State Bar No. 24121059
nplemons@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR DEFENDANTS RANDY HYNE AND AMBER BARNES**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon all counsel of record *via e-file* on July 17, 2023.

*/s/ Alan Dabdoub*
Alan Dabdoub