**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION**

ANGEL SELLER, LLC,

               Plaintiff

v.

RANDY HYNE and AMBER BARNES

               Defendants.

Case No. 4:23-cv-00111-SDJ

**PLAINTIFF ANGEL SELLER LLC'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS TO
DEFENDANTS RANDY HYNE AND AMBER BARNES**

Plaintiff Angel Seller, LLC ("Angel Seller"), by and through its counsel, hereby requests that Defendants Randy Hyne and Amber Barnes ("Defendants"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, produce the below-identified things and copies of responsive documents in Defendants' possession, custody, or control to the office of Padfield & Stout, LLP, Attn: Brandon J. Gibbons, 420 Throckmorton, Suite 1210, Ft. Worth, TX 76102, within thirty (30) days of service hereof, or at such other time and place as may be mutually agreed upon by the parties, in accordance with the Definitions and Instructions set forth herein.

**DEFINITIONS AND INSTRUCTIONS**

1.     "You" and "Your" shall mean Defendants Randy Hyne and Amber Barnes.

2.     "Fossil" shall mean Fossil Group, Inc., and any of its divisions, subsidiaries, and affiliates, and their agents, servants, employees, representatives, officers, directors, accountants, attorneys, persons, or entities under its control, or acting or purporting to act on their behalf.

3.     "MK" means Michael Kors, L.L.C., and any of its divisions, subsidiaries, and affiliates, and their agents, servants, employees, representatives, officers, directors, accountants, attorneys, persons or entities under its control, or acting or purporting to act on their behalf.

1

**Defendants'
Exhibit**

**1**

exhibitsticker.com

4.    "Amazon" means Amazon.com, Inc., and any of its divisions, subsidiaries, and affiliates, and its agents, servants, employees, representatives, officers, directors, accountants, attorneys, persons or entities under its control, or acting or purporting to act on its behalf.

5.    "Angel Seller Storefront" shall mean the Amazon storefront bearing the name "Angel Seller" and having merchant ID: A1MXFBSEZT410T.

6.    "Angel Seller" means Defendant Angel Seller, LLC, the owner and operator of the Angel Seller Storefront.

7.    "Complaint" means the Complaint filed by Angel Seller in this action on or about February 10, 2023.

8.    The terms "including" and "includes" shall mean "including, but not limited to."

9.    "Date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximately ascertainable day, month and year.

### INSTRUCTIONS

A.    Unless otherwise noted, this set of Requests requires the production of documents or tangible things that were prepared, created, written, sent, dated, or received at any time up to the present.

B.    In producing documents or tangible things pursuant to these Requests, you must produce documents as they are kept in the usual course of business or label the documents to correspond to the categories in the document requests in accordance with Federal Rule of Civil Procedure 34(b). For electronically stored information, the responsive materials shall be produced in the form in which it is ordinarily maintained, shall include any and all associated metadata and any and all associated files, and should identify the custodian from whom the information came.

C.    You are required, in responding to these Requests, to obtain and produce all documents in the possession of, available to, or under the control of You, Your attorney, or any of Your agents.

D.    Where a specified document is requested, such Request shall be interpreted to include any other documents where it is known that such other documents contain information relevant to the Request.

E.    If a document described by the Request was, but no longer is, in existence or subject to the control of You, Your attorney, or any of Your agents, state: the last known location of that document; the names and addresses of all persons with knowledge of the content of that document; and why the document is no longer in existence or subject to such control.

F.    These Requests shall be deemed to be continuing; therefore, if a document described by this request is not in existence or subject to the control of You, Your attorney, or any of

Your agents at the time of the first response to these requests but later comes into existence or the control of You, Your attorney, or any of Your agents, You must immediately produce that document.

G.  Any Request propounded in the disjunctive shall also be read as propounded in the conjunctive, and vice versa.  Any document request propounded in the singular shall also be read as propounded in the plural, and vice versa.  Any document request propounded in the present tense shall also be read as propounded in the past tense, and vice versa.

H.  If a Request calls for a response as to which You claim any privilege or any other ground for withholding information or otherwise failing to respond, set forth each and every fact on which Your claim of privilege is based with sufficient specificity to allow the Court to make a determination as to whether Your claim of privilege is valid, including, but not limited to: the number and particular part of the request for production to which the claimed privileged information is responsive; a description of the information or communications; the date and time of the information or communication; the basis upon which the privilege is claimed; the identity of the author; and the identity of each person (other than the attorneys representing You in this action) to whom the information or contents of the communication have been disclosed, either orally or by document. *See* Fed. R. Civ. P. 26(b)(5).

[*Remainder of Page Intentionally Blank*]

**Request for Production of Documents**

**Request No. 1**

All communications and documents pertaining to Angel Seller, LLC ("AS") and/or Eric Sternberg.

**Request No. 2**

All communications pertaining to allegations of the counterfeit sale of Michael Kors ("MK") watches made to Amazon and/or Wal Mart against any seller of these watches in 2018-2021.

**Request No. 3**

All communications between you and Amazon or Wal Mart regarding Angel Seller ("AS") and any other seller of Michael Kors ("MK") products involving the sale of counterfeit Michael Kors products between 2018-2021.

**Request No. 4**

All communications between you and MK relating to the sale of counterfeit products.

**Request No. 5**

All documents indicating a protocol, procedure or history reflecting how you handle allegations of counterfeit sales of MK products.

**Request No. 6**

All documents indicating the number of complaints you have made or approved of making to Amazon and Wal Mart against any online seller of MK products for selling counterfeit MK products.

**Request No. 7**

All documents indicating your qualifications to judge the authenticity of watches.

**Request No. 8**

All documents indicating how you determined that AS was selling counterfeit MK products.

**Request No. 9**

All documents indicating how you determined all other sellers of MK products were counterfeits

in cases in which you submitted a complaint against those sellers to Amazon and/or Wal Mart.

**Request No. 10**

All documents indicating the involvement or approval of any other person in the decision to submit

complaint(s) against AS for selling counterfeit MK products and the submission of such

complaints.

**Request No. 11**

All documents indicating who you report to at Fossil and who reports to you.

Respectfully Submitted,

FOSTER P.C.
150 North Wacker Drive, Suite 1925
Chicago, IL 60606
Telephone: 312-726-1600
Facsimile: 866-470-5738

*/s/ Howard W. Foster*

Howard W. Foster
IL State Bar I.D. # 6201218
hfoster@fosterpc.com
*Lead Counsel for Plaintiff*
Admitted *Pro Hac Vice*

PADFIELD & STOUT, L.L.P.
420 Throckmorton St., Suite 1210
Fort Worth, Texas 76102
Telephone: (817) 338-1616
Facsimile: (817) 338-1610
Brandon J. Gibbons
TX State Bar I.D. #24082516
bgibbons@padfieldstout.com
*Local Counsel for the Plaintiff*