**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOSSIL GROUP, INC. and MICHAEL KORS, L.L.C., | CASE No. 1:20-cv-02441-WFK-JO |
| Plaintiffs, | |
| v. | |
| ANGEL SELLER, LLC and JOHN DOES 1-5, | |
| Defendants. | |

**DEFENDANT ANGEL SELLER LLC'S FIRST SET OF REQUESTS FOR THE**
**PRODUCTION OF DOCUMENTS AND THINGS TO**
**PLAINTIFF FOSSIL GROUP, INC.**

Defendant Angel Seller, LLC, by and through its counsel, hereby requests that Plaintiff

Fossil Group, Inc., pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, produce

the below-identified things and copies of responsive documents in Plaintiff Fossil Group, Inc.'s

possession, custody, or control to the office of Amster, Rothstein & Ebenstein, LLP, 90 Park

Avenue, 21st Floor, New York, NY 10016 within thirty (30) days of service hereof, or at such

other time and place as may be mutually agreed upon by the parties, in accordance with the

Definitions and Instructions set forth herein.

**DEFINITIONS AND INSTRUCTIONS**

1.      "Fossil," "You" or "Your" shall mean Fossil Group, Inc., and any of its divisions,

subsidiaries, and affiliates, and their agents, servants, employees, representatives, officers,

directors, accountants, attorneys, persons or entities under its control, or acting or purporting to

act on their behalf.

**Defendants' Exhibit**

**2**

4835-2217-4665v.1

2.   "MK" means Michael Kors, L.L.C., and any of its divisions, subsidiaries, and affiliates, and their agents, servants, employees, representatives, officers, directors, accountants, attorneys, persons or entities under its control, or acting or purporting to act on their behalf.

3.   "Amazon" means Amazon.com, Inc., and any of its divisions, subsidiaries, and affiliates, and its agents, servants, employees, representatives, officers, directors, accountants, attorneys, persons or entities under its control, or acting or purporting to act on its behalf.

4.   "Angel Seller Storefront" shall mean the Amazon storefront bearing the name "Angel Seller" and having merchant ID: A1MXFBSEZT410T.

5.   "Angel Seller" means Defendant Angel Seller, LLC, the owner and operator of the Angel Seller Storefront.

6.   The "MK Trademarks" means the trademark registrations identified in the Complaint (ECF No. 1, ¶16), or later asserted in this action.

7.   "MK Products" means any item or product marketed or sold under the MK Trademarks.

8.   "MK Test Purchase Models" means each model of MK Product purchased from Angel Seller and/or the Angel Seller Storefront, including MK5354, MK5263, MK5128, MK5353 and MK3192.

9.   "MK Listings" means Amazon product listings for MK Products, including Amazon Standard Identification Numbers ("ASIN"): B003L0XGDO, B0047UUYR8, B0058GP74U and B009DFSRZS.

10.   "Complaint" means the Complaint filed by Plaintiffs in this action on or about June 2, 2020.

11.   The terms "including" and "includes" shall mean "including, but not limited to."

2

12.     Pursuant to Local Civil Rule 26.3, the definitions and rules of construction set forth in paragraphs (c) and (d) of Local Civil Rule 26.3 are incorporated herein.  Such definitions rules are reproduced below for ease of reference:

Local Civil Rule 26.3(c)

(1)     Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2)     Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

(3)     Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)     Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

(5)     Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where

3

applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

[*See also* Definitions 1 & 2 above.]

(6)    Person.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

(7)    Concerning.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

Local Civil Rule 26.3(d)

(1)    All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(2)    And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3)    Number.  The use of the singular form of any word includes the plural and vice versa.

13.    "Date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximately ascertainable day, month and year.

## **INSTRUCTIONS**

A.    Unless otherwise noted, this set of Requests requires the production of documents or tangible things that were prepared, created, written, sent, dated, or received at any time up to the present.

B.    In producing documents or tangible things pursuant to these Requests, You must produce documents as they are kept in the usual course of business or label the documents to

4

correspond to the categories in the document requests in accordance with Federal Rule of Civil Procedure 34(b). For electronically stored information, the responsive materials shall be produced in the form in which it is ordinarily maintained, shall include any and all associated metadata and any and all associated files, and should identify the custodian from whom the information came.

C. You are required, in responding to these Requests, to obtain and produce all documents in the possession of, available to, or under the control of You, Your attorney, or any of Your agents.

D. Where a specified document is requested, such Request shall be interpreted to include any other documents where it is known that such other documents contain information relevant to the Request.

E. If a document described by the Request was, but no longer is, in existence or subject to the control of You, Your attorney, or any of Your agents, state: the last known location of that document; the names and addresses of all persons with knowledge of the content of that document; and why the document is no longer in existence or subject to such control.

F. These Requests shall be deemed to be continuing; therefore, if a document described by this request is not in existence or subject to the control of You, Your attorney, or any of Your agents at the time of the first response to these requests but later comes into existence or the control of You, Your attorney, or any of Your agents, You must immediately produce that document.

G. Any Request propounded in the disjunctive shall also be read as propounded in the conjunctive, and vice versa. *See* Local Civil Rule 26.3(d)(2). Any document request propounded in the singular shall also be read as propounded in the plural, and vice versa. Local

5

4835-2217-4665v.1

Civil Rule 26.3(d)(3).  Any document request propounded in the present tense shall also be read as propounded in the past tense, and vice versa.

H.      If a Request calls for a response as to which You claim any privilege or any other ground for withholding information or otherwise failing to respond, set forth each and every fact on which Your claim of privilege is based with sufficient specificity to allow the Court to make a determination as to whether Your claim of privilege is valid, including, but not limited to: the number and particular part of the request for production to which the claimed privileged information is responsive; a description of the information or communications; the date and time of the information or communication; the basis upon which the privilege is claimed; the identity of the author; and the identity of each person (other than the attorneys representing You in this action) to whom the information or contents of the communication have been disclosed, either orally or by document.  *See* Fed. R. Civ. P. 26(b)(5); Local Rule 26.2.

6

## REQUESTS

**Request No. 1**

All communications between Fossil and MK relating to Angel Seller and/or the Angel Seller Storefront.

**Request No. 2**

All communications between Fossil and MK relating to enforcement of the MK Trademarks on Amazon, including communication relating to the submission of reports of alleged intellectual property violations by third-parties.

**Request No. 3**

All communications between Fossil and Amazon relating to Angel Seller and/or the Angel Seller Storefront.

**Request No. 4**

All communications between Fossil and Amazon relating to the MK Listings.

**Request No. 5**

All documents relating to Fossil's attempts to purchase, and purchases of, MK Products from Angel Seller and/or the Angel Seller Storefront.

**Request No. 6**

All documents and things concerning Angel Seller and/or the Angel Seller Storefront, including, without limitation, any investigative report, evaluation, inspection, analysis, testing or comparison involving MK Products offered for sale or sold by Angel Seller and/or the Angel Seller Storefront.

4835-2217-4665v.1

**Request No. 7**

Documents sufficient to show Fossil's total gross revenues and net profits generated from all sales of MK Products on Amazon, including, but not limited to, all relevant accounting records.

**Request No. 8**

All documents and communications relating to the pricing of MK Products on Amazon, including pricing by third-party sellers.

**Request No. 9**

All documents concerning Fossil's offer for sale and sale of MK Products, including, but not limited to, sales records, purchase orders, invoices, sales sheets, price lists, customer lists and contracts.

**Request No. 10**

A copy of each license agreement between Fossil and MK relating to the MK Trademarks.

**Request No. 11**

All agreements between Fossil and any other person, whereby either Fossil or said person was granted the right to or was prohibited from manufacturing, advertising, distributing, offering for sale or selling MK Products, including, without limitation, manufacturing agreements, distribution agreements, license agreements, settlement agreements and consent agreements.

**Request No. 12**

All documents concerning all past and existing relationships, including contracts, agreements, licenses, assignments, or other relations, between Fossil and any third party relating to the MK Trademarks.

8

**Request No. 13**

All documents and communications relating to the distribution, advertising, offer for sale and sale of MK Products by or through Amazon, including all agreements between Fossil and Amazon relating to the distribution, advertising, offer for sale and sale of MK Products.

**Request No. 14**

All documents and communications relating to any allegedly counterfeit MK Products purchased by Fossil from Angel Seller and/or the Angel Seller Storefront.

**Request No. 15**

All documents and communications relating to any analysis (scientific or otherwise) of any alleged counterfeit MK Products purchased by Fossil from Angel Seller and/or the Angel Seller Storefront.

**Request No. 16**

All documents to be relied upon at trial by Fossil regarding the provenance or authenticity of all alleged counterfeit MK Products purchased by Fossil from Angel Seller and/or the Angel Seller Storefront.

**Request No. 17**

Samples of genuine MK Products and packaging of all such products purchased from Angel Seller and/or the Angel Seller Storefront, including the MK Test Purchase Models.

**Request No. 18**

Documents itemizing each individual MK Product purchased by Fossil from Angel Seller and/or the Angel Seller Storefront.

9

**Request No. 19**

All documents and communications that Fossil will rely upon in support of its allegation that Angel Seller is "offering for sale, selling, and using in interstate commerce watches bearing counterfeits and infringements of the Michael Kors Trademarks," as alleged in paragraph 21 of the Complaint.

**Request No. 20**

All documents and communications relating to the August 2019 purchase made by Fossil's agent referenced in paragraphs 26-27 of the Complaint.

**Request No. 21**

All documents and communications relating to the report submitted to Amazon referenced in paragraph 28 of the Complaint.

**Request No. 22**

All documents and communications relating to the February 2020 purchases made by Fossil's agent referenced in paragraphs 33-34 of the Complaint.

**Request No. 23**

All documents and communications relating to any reports submitted to Amazon in connection with the purchases referenced in paragraphs 33-34 of the Complaint.

**Request No. 24**

All documents and communications that support Fossil's allegation that MK Products "offered for sale and sold by [Angel Seller] were not manufactured, authorized, or sponsored by Plaintiffs," as alleged in paragraph 39 of the Complaint.

**Request No. 25**

Documents sufficient to identify each manufacturer of genuine MK Products and packaging of all such products purchased from Angel Seller and/or the Angel Seller Storefront, including the MK Test Purchase Models.

**Request No. 26**

All documents and communications that support Fossil's allegation that "consumers will be confused and disappointed by the differences between the [MK Products] distributed by [Angel Seller] and the genuine Michael Kors merchandise manufactured and sold by Fossil Group," as alleged in paragraph 39 of the Complaint.

**Request No. 27**

Documents sufficient to identify each of "the differences between the [MK Products] distributed by [Angel Seller] and the genuine Michael Kors merchandise manufactured and sold by Fossil Group," as alleged in paragraph 39 of the Complaint.

**Request No. 28**

All documents and communications that support Fossil's allegation that Fossil is "losing profits from lost sales of genuine product, suffering a loss of enormous goodwill created in its Michael Kors Trademarks and in Fossil Group, and will continue to suffer such loss if Defendants are allowed to continue their illegal activity," as alleged in paragraph 40 of the Complaint.

**Request No. 29**

Documents sufficient to identify Fossil's "lost sales of genuine product" referenced in paragraph 40 of the Complaint.

11

**Request No. 30**

All documents and communications that support Fossil's allegation that Angel Seller is "knowingly, intentionally, and without the consent of Plaintiffs used in commerce reproductions, counterfeits, and/or copies and/or spurious designations that are identical with, or substantially indistinguishable from the Michael Kors Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods covered by USPTO registrations for the Michael Kors Trademarks," as alleged in paragraph 46 of the Complaint.

**Request No. 31**

All documents pertaining to the investigations conducted by Intellectual Property Services Inc. relating to the allegedly counterfeit MK Products offered for sale or sold by Angel Seller.

**Request No. 32**

All communications between Fossil and Intellectual Property Services Inc. relating to Angel Seller, the Angel Seller Storefront and/or any MK Products sold by Angel Seller.

**Request No. 33**

Copies of all documents, including field manuals and guides, provided by Fossil to U.S. Customs in connection with enforcement of the MK Trademarks.

**Request No. 34**

Documents sufficient to identify the "quality controls" identified in Plaintiffs' Initial Disclosures, dated August 26, 2020.

**Request No. 35**

A copy of each manufacturing drawing and specification for each model of MK Product purchased from Angel Seller, including the MK Test Purchase Models.

12

**Request No. 36**

Documents sufficient to show each version of the packaging for each model of MK Product purchased from Angel Seller, including the MK Test Purchase Models.

**Request No. 37**

Documents sufficient to identify each location where each model of MK Product purchased from Angel Seller, including the MK Test Purchase Models, have been manufactured, assembled and/or packaged.

**Request No. 38**

Documents sufficient to identify each of Fossil's direct customers of MK Products.

**Request No. 39**

Documents sufficient to identify each of Fossil's distributors of MK Products.

**Request No. 40**

A copy of each of Fossil's minimum advertised pricing (MAP) agreements and/or policies relating to MK Products, from July 2019-Present.

**Request No. 41**

A representative copy of each of Fossil's retail partner agreements and/or policies, from July 2019-Present.

**Request No. 42**

A copy of each of Fossil's policies relating to third-party marketplace sales, July 2019-Present.

**Request No. 43**

Documents sufficient to identify each of Fossil's sales of MK Products to Amazon between July 2019-Present.

13

Dated:      September 2, 2020
            New York, New York

<strong>AMSTER, ROTHSTEIN & EBENSTEIN LLP</strong>

By:    *s/ Mark Berkowitz*
       Mark Berkowitz
       Richard S. Mandaro
       90 Park Avenue
       New York, NY  10016
       Tel.:    (212) 336-8000
       Fax:    (212) 336-8001
       E-mail: mberkowitz@arelaw.com
                  rmandaro@arelaw.com

*Attorneys for Defendant Angel Seller, LLC*

14

4835-2217-4665v.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2020, a copy of the foregoing document entitled

**DEFENDANT ANGEL SELLER LLC'S FIRST SET OF REQUESTS FOR THE**

**PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF FOSSIL GROUP,**

**INC.** was served via e-mail on the following counsel of record for Plaintiffs in this matter:

> Michael Lee
> Lee Law PLLC
> 579 Fifth Avenue, 14th Floor
> New York, NY 10017
> Tel: (212) 621-8239
> Email: michael@leelawservices.com


> *s/ Mark Berkowitz*
> Mark Berkowitz

15

4835-2217-4665v.1